# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 16-30871-BPC |
| | Chapter |
| LOUISE MARTIN, | |
|     Debtor. | |
| | |
| LOUISE MARTIN, | |
|     Plaintiff, | |
| v. | Adv. Proc. 18-03109-BPC |
| NATIONSTAR MORTGAGE, LLC AND NATIONSTAR MORTGAGE LLC DBA MR. COOPER, | |
|     Defendants. | |

## SCHEDULING ORDER

A scheduling conference was held in the above-captioned adversary proceeding (the "AP") on February 21, 2019 (the "Scheduling Conference"). Paul Esco appeared on behalf of Debtor/Plaintiff. Amanda Beckett appeared on behalf of Defendants. Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Rules"), as is made applicable by Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and for the reasons stated on the record of the Scheduling Conference, it is hereby **ORDERED**:

1. **Consent to Entry of Final Orders or Judgment by Bankruptcy Court**. At the Scheduling Conference, the parties consented to the entry of final orders or judgment by the Bankruptcy Court, subject to normal appellate review under 28 U.S.C. § 158.

2. **Discovery**.

    a. Unless otherwise provided herein, the manner, limitations, and timeframes of all discovery conducted by the parties shall be governed by the Rules as made applicable by the Bankruptcy Rules.

    b. The parties' discovery plan was discussed on the record of the Scheduling Conference. Accordingly, the parties are excused from filing a written report pursuant to Rule 26(f), as made applicable in Bankruptcy Rule 7026.

    c. All discovery in the AP shall be commenced in time to be completed by **May 22, 2019** (the "Discovery Deadline").

d.  Supplementations under Rule 26(e) are due in writing within 14 days after a party learns of information that requires supplementation or correction of prior discovery responses; provided that if such information is learned within 14 days before or during trial, then supplementation or correction is due immediately.

3. **Electronically Stored Information ("ESI")**. The parties will cooperatively reach an agreement on how to conduct e-discovery, and to the extent applicable, the parties will make reasonable efforts to address the production of electronically stored information.

4. **Dispositive Motions.** Summary judgment motions or other dispositive motions shall be filed no later than **June 24, 2019**. Responses in opposition to any timely filed dispositive motion are due **fourteen (14) days** after the date of the dispositive motion is filed. Replies to any timely filed response are due **seven (7) days** after the date the response is filed. Memoranda briefs, affidavits, dispositive excerpts, discovery responses, authorities and other supporting materials are to be filed with the dispositive motions, responses and replies. **For dispositive motions, responses, and replies, together with all supporting materials, with pages in excess of 75 pages, two courtesy copies shall be mailed or delivered to the undersigned's chambers when they are electronically filed**.

5. **Pretrial Disclosures and Objections**. The parties shall file and serve Pretrial Disclosures in accordance with Rule 7026(a)(3) on or before **July 29, 2019**. Any objections to the Pretrial Disclosures and/or *motions in limine* shall be filed and served pursuant to Rule 7026(a)(3)(B) by **August 5, 2019**. Objections not timely made and served, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Bankruptcy Court for good cause.

6. **Pretrial Statement**. The parties are ordered to convene to attempt to resolve any evidentiary objections, to attempt to stipulate to as many facts and issues as possible, and to prepare the pretrial statement. The undersigned intends that this will be a substantive, good faith effort to resolve issues. The parties shall prepare and file a pretrial statement not later than **August 12, 2019**. The pretrial statement shall be signed by counsel for all parties, as well as by any unrepresented parties, and shall specify:

    a. Stipulated facts;
    b. Stipulated exhibits;
    c. Conclusions of law that are not disputed; and
    d. Separately for each party:
        i. A succinct statement of that party's contentions;
        ii. A list of exhibits that will be offered by the party but that cannot be introduced by stipulation (with the party's succinct response(s) to the evidentiary objection(s) raised by any opposing party);
        iii. Proposed findings of fact that are not stipulated; and
        iv. Proposed conclusions of disputed issues of law.

7. **Pretrial Conference**. A pretrial conference will be held on **August 19, 2019 at 9:30 AM**. The hearing will take place at the United States Bankruptcy Court, United States Courthouse Annex, One Church Street, Courtroom No. 4-C, Montgomery, Alabama. **It is recommended that clients with settlement authority attend the pretrial conference.**

8. **Trial Date**. Trial is scheduled for **September 16, 2019 at 9:30 AM.** Trial will take place at the United States Bankruptcy Court, United States Courthouse Annex, One Church Street, Courtroom No. 4-C, Montgomery, Alabama.

9. **Other. Failure of the parties to comply with the timeframes and requirements set forth above may result in the barring of introduction of evidence at trial.** The deadlines set out herein cannot be changed unless so directed by the Bankruptcy Court. Parties should not wait for deadlines to expire before seeking an amended scheduling order. If any questions should arise or another status conference is necessary prior to the final pretrial conference, the parties are to notify chambers as soon as possible.

Done this 22nd day of February, 2019.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c: Debtor/Plaintiff
Paul D. Esco, Attorney for Debtor/Plaintiff
Amanda Beckett, Attorney for Defendants